(Superior Court of Cincinnati.)
Special Term.

THE QUEEN CITY FOUNDRY CO. et al. v. THE CITY OF CINCINNATI and PAUL M. MILLIKIN, Auditor.

---

An ordinance levying an assessment to meet the costs and expense of making a street improvement upon the abutting property by the foot front and

not otherwise, is not void, provided the city is able to show in an action brought to enjoin the collection of the assessment, that the amount of the assessment does not exceed the special benefits conferred by the improvement.

JACKSON, J.

The question involved in this case is as to the validity of the improvement ordinance of the board of legislation, passed June 6th, 1898, and of the assessing ordinance of the board of public service passed May 18th, 1900, whereby the expenses of improving Bates avenue from Colerain to Spring Grove avenue were levied and assessed on each abutting foot of the several lots and lands bounding and abutting on said improvement. The plaintiffs who are property owners abutting on said improvement, seek to enjoin the enforcement and collection of the assessment because it is levied arbitrarily by the abutting foot, and not purporting to be levied according to special benefits conferred on the abutting property, claiming that it is contrary to section 1, article 14 of the amendments to the constitution of the United States, forbidding any state from depriving any person of property without due process of law. It is claimed in the petition that in the proceedings of the city for the improvement and assessment, no notice was given to any of the plaintiffs of any hearing upon the question of the special benefits resulting to their several pieces of property from said improvement, and that no opportunity was afforded any of said plaintiffs to be heard on said question. The city in its answer admits that the property of plaintiffs was by the ordinances in question sought to be assessed according to the abutting foot rule, but it alleges that notice and an opportunity to be heard was given by advertisement, according to law in such cases made and provided. The opportunity to be heard in this case must, however, be considered to have been with reference to showing that the assessment, according to the abutting foot rule, was not properly and fairly observed, and not for the purpose of permitting plaintiffs to show that the property assessed had not in fact received special benefits equal in value to the amount of the assessment.

The answer, however, contains the further allegation that "the assessments levied, as aforesaid, were in proportion to the special benefits conferred upon each abutting foot of property by the improvement of said Bates avenue; that said assessments are not in excess of the special benefits so conferred, and that said special benefits do in fact as to each abutting foot of property assessed fully equal the assessment levied thereon." To this answer plaintiffs interpose a demurrer, and it is claimed by them that the fact that the city adopted the abutting foot rule of assessment, without determining at or before the time said assessment was made, whether or not it was in excess of the special benefits conferred on the assessed property, and without giving the property holders an opportunity to be heard on the question of special benefits, renders the entire assessment void; and that it is not competent for the city to show in this judicial proceeding by way of defense that the special benefits conferred, were in fact equal to the amount of the assessment.

The city insists that the abutting foot method of assessment is not absolutely void under the decisions of Norwood v. Baker, 172 U. S., 267, and Schroder v. Overman, 61 Ohio St., 1, if it is made to appear that, as matter of fact, the special benefits conferred on the assessed property are equal in value to the amount of the assessment, notwithstanding the question of special benefits, was not considered by the city authorities, when the assessment was made.

The question for determination is, therefore, sharply and clearly drawn. The assessment in question is levied pursuant to section 2264b, Revised Statutes of Ohio, which provides that "said assessment may be made on the abutting and such adjacent and contiguous or other benefited lots and lands in the corporation, either in proportion to the benefits which may result from the improvement, or according to the value of the property assessed, or by the abutting foot of the property bounding and abutting the improvement, in the manner and subject to restrictions provided in said section 2264."

In Norwood v. Baker, 172 U. S., 269, the United States supreme court held that an assessment made according to the abutting foot, and without regard for any special benefits conferred, is repugnant to the fourteenth amendment to the United States constitution, forbidding any state from depriving any person of property without due process of law. In so doing that court laid down the following propositions of law, on page 267, viz.: "The principle underlying special assessments upon private property to meet the cost of public improvements is that the property upon which they are imposed is peculiarly benefited, and therefore that the owners do not in fact pay anything in excess of what they received by reason of such improvement.

"The exaction from the owner of private property of the cost of a public improvement in substantial excess of the special benefits accruing to him is, to the extent of such excess, a taking under the guise of taxation of private

property for public use without compensation." In the case of Norwood v. Baker, supra, there was no allegation or showing made during the progress of the case in the U. S. courts, that the assessment did not exceed the benefits conferred; and a careful reading of that case will show that the court, speaking through Mr. Justice Harlan, considered that an assessment purporting to be made solely according to the abutting foot method will be presumed, in the absence of a showing to the contrary, to be in excess of the special benefits conferred, and therefore a taking of private property without due process of law. This view of the actual holding of the supreme court in the case of Norwood v. Baker, is emphasized by the dissenting opinion of Mr. Justice Brewer, 172 U. S., 302, where he says: "The suggestion that such an assessment be declared void, because the rule of assessment is erroneous, implies that it is prima facie erroneous to cast upon property abutting upon an improvement the cost thereof; that a legislative act casting upon such abutting property the full cost of an improvement, is prima facie, void, and that being prima facie void, the owner of any property so abutting on the improvement may obtain a decree of a court of equity cancelling in toto the assessment without denying that his property is benefited by the improvement, * * * ,and the opinion goes to the extent of holding that the legislative determination is not only not conclusive, but is not even prima facie sufficient, and that in all cases there must be a judicial inquiry as to the area in fact benefited."

But if we are mistaken as to the effect of the holding of the U. S. supreme court, nevertheless the supreme court of Ohio, in Schroder v. Overman, 61 Ohio St., I, has considered the decision of the U. S. supreme court in this light. Syllabus 1 in case of Schroder v. Overman, 61 Ohio St., 1, is as follows: "Where in a suit brought to enjoin the collection of a street assessment as invalid, and the taking of property without due process of law, it appears that the ordinance levying the assessment provided that the cost and expense of the improvement should be assessed upon the abutting property by the foot front, and not otherwise, but it also appears that an issue was made by the pleadings on the question whether or not the land so assessed was in fact benefited by the improvement to an amount in excess of the cost so assessed, which issue is found by the trial court against the plaintiff, and it is neither shown or claimed that the cost and expense was not apportioned fairly between the property of plaintiff affected by the assessment and that of others so affected, the collection of said assessment should not be enjoined simply because the proceedings of the council in enacting the ordinance and levying the assessment do not show affirmatively that the question of benefit to the land was taken into consideration in levying such assessment". Counsel for plaintiffs seek to distinguish the case of Schroder v. Overman from the case at bar, in that the *plaintiff* in the Overman case alleged that the rule of assessment adopted there was contrary to law and the constitution of the U. S., and also that "the improvement was not for any special benefit, or of any benefit whatever to any real estate owned by plaintiff and abutting said improvement, but on the contrary, was a detriment and damage to her abutting property", when as in the case at bar the issue, as to special benefits, is presented, not by plaintiffs, but by the *defendant.* In other words, counsel for plaintiffs here contend that the plaintiff in the Overman case, by alleging that there were no special benefits, and by making an issue and inviting a finding of the court on this subject, thereby waived his right to insist that the assessment was void, because in conflict with the constitution of the U. S.; that the decision in the Overman case rested on the matter of a waiver of plaintiff's rights, and that that is quite different from permitting the defendant to raise the question of special benefits where the assessment has been made solely by the abutting foot rule. But the supreme court of Ohio did not base its holding in the Overman case on the ground of waiver. On page 13 of that case the court said: "It follows therefore, that any system that imposes assessments without respect to benefits must be vicious and unsound. But we are dealing with a case where the court has determined upon a trial, that the benefit in fact exceeds the amount of the assessment * * *. We are of opinion that the Norwood case does not control the case at bar, and that the relief prayed for should not be granted, simply because the proceedings of the council do not show affirmatively that the assessment was assessed according to benefits, nor that the subject of benefits was not, by that body, taken into consideration." By the decision of the supreme court of this state, this court is certainly bound, unless it is manifest that such decision is in conflict with the supreme court of the U. S.

There are several decisions of the U. S. circuit courts that seem to hold that an assessment made on abutting property by the abutting foot, without reference to special benefits, is absolutely and not merely prima facie void, and that an injunction may be had in such case, regardless of what the fact may be about special benefits to the property

assessed. To this effect see Loeb v. Trustees, 91 Fed. Rep., 37. Cowley v. Spokane, 99 Fed. Rep., 840; Charles v. Marion, 96 Fed. Rep., 166; Parker v. Detroit, 103 Fed. Rep., 357 and Fay v. Springfield, 94 Fed. Rep., 409.

But this court is constrained to follow the decision of the supreme court of this state, until the precise question has been determined by the supreme court of the U. S.

It is further contended by counsel for plaintiffs that the case of Norwood v. Arnold, 62 Ohio St., 666, where the judgment of the court below is affirmed without opinion, is an authority in support of their position. We have carefully examined the record and the briefs of counsel in the case of Norwood v. Arnold. In that case it appears that the Village of Norwood condemned certain property belonging to Mrs. Arnold, which property so condemned the village used for the extension of a street known as Burch street, and that after the condemnation of the property the village assessed back on the remaining property of Mrs. Arnold according to the abutting foot thereof, the costs and expenses of appropriating the property in question and extending the street. In her petition the plaintiff alleged that no actual benefit was conferred on the residue of her property abutting on Burch street, by the extension thereof, but on the contrary he same was an injury thereto. At the hearing below the village of Norwood offered to prove that the property of plaintiff assessed had been benefited by the opening and extension of Burch street to an amount equal to the assessment charged against it, and that said assessment was not in excess of benefits conferred on the property by the improvement. This evidence was excluded and judgment rendered for plaintiff below, and this was the ground relied on to reverse the case in the supreme court. The court affirmed the judgment below on the authority of Ry. Co. v. Cincinnat, 62 Ohio St.,465.

This latter case expressly overruled the case of Cleveland v. Wick, 18 Ohio St., 303, and held that "compensation paid to a land-owner for lands taken by appropriation proceedings to open a street, cannot be assessed back upon the lands of the owner remaining after such taking. Neither can the costs and expenses incurred in such proceeding be so assessed."

Therefore, according to this rule of law, and according to the facts in the Arnold case, where property was condemned and the costs attempted to be assessed back on the remaining property of the plaintiff, the question of special benefits to the remaining property was an immaterial consideration in the case.

In the case at bar the facts are different. Here there is no attempt to assess back on remaining property the costs and expenses of a condemnation, which could in no instance be done according to the rule in Ry. Co. v. Cincinnati 62 Ohio St., 463. In he case at bar this assessment is legal, provided the amount thereof does not exceed the special benefits conferred thereby. We therefore think that the case of Schroder v. Overman, 61 Ohio St., 1, is conclusive of the question at issue here. and the demurrer to this answer will be overruled.

Kinkead & Rogers and Province M. Pogue, for Plaintiffs.

Charles J. Hunt, for City.